UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In the Matter of:<br><br>AARON J. TOLSON SANCTION OVERSIGHT. | Case No. 24-mp-09002-NGH |
|---|---|

MEMORANDUM OF DECISION

Appearances:

Aaron J. Tolson, TOLSON & WAYMENT, Idaho Falls, Idaho, pro se.
Andrew Seth Jorgensen, Boise, Idaho, counsel for the United States Trustee

INTRODUCTION

Before the Court is an Order to Show Cause, Doc. No. 21, issued by this Court to address concerns regarding attorney Aaron Tolson's compliance with the Order on Attorney Sanctions, Doc. No. 1 ("Sanctions Order"). Mr. Tolson responded in writing on August 8, 2025. Doc. No. 23. The Court conducted a hearing on August 22, 2025, after which it took the matter under advisement. This decision follows.

FACTUAL AND PROCEDURAL BACKGROUND

The Sanctions Order originated from the *Ochoa* case, Case No. 24-40388-NGH, and the stipulated resolution of the chapter 13 Trustee's Motion to Review Fees and the Motion Requesting Order for Debtor's Attorney to Show Cause why Non-Monetary

MEMORANDUM OF DECISION - 1

Sanctions Should Not be Ordered under § 105(a) filed by the United States Trustee ("UST"). Case No. 24-40388-NGH at Doc. Nos. 26, 28.

Relevant here, the Sanctions Order required Mr. Tolson to:

1. "take the next available Multi-State Professional Responsibility Exam" ("MPRE") and report his score to UST;

2. "prepare a comprehensive written summary of his office's procedures . . . and include a detailed description of how his office's procedures are going to change and improve" which was due November 17, 2024; and

3. "file each petition, schedule, and statement of financial affairs no later than 24 hours after they are verified by the debtor.

To monitor compliance with the Sanctions Order, the Court opened the above-captioned case and set quarterly status hearings. Despite registering for the MPRE to be held in March 2025, Doc. No. 8, Mr. Tolson did not take the exam. He was not forthcoming about this deficiency during the April status hearing until the UST directly inquired about it, after which Mr. Tolson said only that he had a conflict and could not sit for the exam at that time. However, at the July 17, 2025, status hearing the UST again raised the requirement to take the MPRE, and Mr. Tolson acknowledged he had not registered for the next scheduled examination. On August 8, 2025, Mr. Tolson indicated he registered for the August exam and stated that proof of such registration was attached to the response. However, nothing was attached to Mr. Tolson's filing.

Additionally, on December 29, 2024, Mr. Tolson filed a "Business Plan" presumably to satisfy the requirement to provide a written summary of his office procedures and how they would change and improve, Doc. No. 9, but Mr. Tolson's Business Plan did not meet the directive of the Sanctions Order. At the January 16, 2025

MEMORANDUM OF DECISION - 2

status hearing, the Court ordered him to file the office procedures document on or before March 7, 2025.  24-09002-NGH at Doc. No. 13.  He did not do so.  When questioned about the deficiency during the July 17, 2025 status hearing, Mr. Tolson indicated he did not intend to file such a document because of its potential use in pending malpractice litigation as well as an Idaho State Bar investigation.

Finally, the UST noted that Mr. Tolson has not been regularly filing petitions, schedules, and statements within 24 hours of verification by each debtor as required by the Sanctions Order.  Indeed, following the July 17, 2025, hearing, the UST filed a chart depicting the length of time from verification to filing in Mr. Tolson's cases filed between April 3, 2025 and July 16, 2025.  Doc. No. 20.  Of the 32 cases Mr. Tolson filed on behalf of chapter 7 debtors during those months, only nine were filed within 24 hours of verification.  The other 23 were filed in contravention of this Court's order, and 10 of those cases were filed more than one week after verification.

In light of the foregoing, at the July 17, 2025 hearing, the UST orally moved for the imposition of additional sanctions, up to and including a bar to filing new cases.  To provide due process and an opportunity to present evidence, the Court issued an Order to Show Cause why additional sanctions, including potential suspension from practice before this Court, should not be imposed under the Court's equitable and inherent powers, and set the matter for an evidentiary hearing on August 22, 2025.  Doc. No. 21.

At the August 22, 2025 show cause hearing, Mr. Tolson submitted an exhibit evidencing that he had taken the professional responsibility examination the day before, to which the UST stipulated.  Regarding the requirement that Mr. Tolson file all petitions,

MEMORANDUM OF DECISION - 3

schedules, and statements of financial affairs within 24 hours of verification by the debtor, he explained that this is often difficult to do as a practical matter. Some of his debtor clients are truckers and others hold jobs that make it difficult for them to verify the document and for Mr. Tolson to receive the verification and file it within 24 hours. The Court questioned Mr. Tolson about why he did not bring these practical issues to the Court's attention but instead was content to not comply with the Sanctions Order. Mr. Tolson did not provide any reason.

Finally, addressing the requirement that he provide a summary of his office procedures, Mr. Tolson suggested he would comply with filing the required description as well as how they were going to change and improve, so long as he could do so under seal.

## ANALYSIS AND DISPOSITION

Bankruptcy courts generally have the power to sanction attorneys pursuant to (1) their civil contempt authority under 11 U.S.C. § 105(a); and (2) their inherent sanction authority. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009) *abrogated on other grounds; In re Gugliuzza*, 852 F.3d 884, 898 (9th Cir. 2017). In *Chambers v. NASCO, Inc.,* the Supreme Court held that the inherent power of a federal court permits it, *inter alia,* "to control admission to its bar and to discipline attorneys who appear before it." 501 U.S. 32, 43 (1991). In *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* the Ninth Circuit held that bankruptcy courts also "have the inherent power to sanction that *Chambers* recognized exists within Article III courts." 77 F.3d 278, 284 (9th Cir. 1996); *see also In re Aleman*, No. 14-00606-TLM, 2015 WL 1956271, at *1–2

MEMORANDUM OF DECISION - 4

(Bankr. D. Idaho Apr. 29, 2015); *In re Hurd*, 2010 WL 3190752, at *2 (Bankr. D. Idaho Aug. 11, 2010) ("A bankruptcy court has the authority to regulate the practice of lawyers who appear before it.  Such authority stems from the court's inherent powers, the Code and the Rules."); *Gardner v. Law Office of Lyndon B. Steimel (In re Valentine)*, 2014 WL 1347229, at * 3 (Bankr. D. Idaho Apr. 3, 2014) ("The BAP recognized that, under Ninth Circuit precedent, the bankruptcy courts have the power to sanction under their civil contempt authority under § 105(a) and under their inherent sanction authority." (internal quotations omitted)).

      These inherent powers are not without limits, however. "Because of their potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  "Civil penalties must either be compensatory or designed to coerce compliance." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137–38 (9th Cir. 2001).  Finally,

> when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.  But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Chambers,* 501 U.S. at 50.

      Mr. Tolson has been sanctioned in numerous cases when the work he performed for a client did not meet professional standards.  *See e.g. In re Winberg*, 14-40221-JDP (Doc. No. 56) (agreed order entered August 22, 2014, requiring another attorney to review Mr. Tolson's documents before they were filed in chapter 13 cases until parties agreed that Mr. Tolson no longer needed a mentor); *In re Stears*, 16-41030-JDP (Doc.

MEMORANDUM OF DECISION - 5

No. 26) (order refunding fees and cancelling fee agreement entered December 21, 2016); *In re Pitcher*, 19-40230-JMM (Doc. No. 83) (stipulated order entered November 15, 2019, requiring the partial refund of fees); *In re Tortel*, 20-40785-JMM (Doc. No. 86) (stipulation filed April 23, 2021, to return fees to resolve UST's 11 U.S.C. § 329 motion). In addition, as a sanction, Mr. Tolson has been restricted to filing only chapter 7 cases due to mistakes made in cases filed under more complex chapters of the Bankruptcy Code, *see In re Winberg,* 14-40221-JDP (Doc. No. 56), and he agreed to such a restriction again in the Sanctions Order. While perhaps common to him, sanctions such as these are in fact rarely handed out by the Court. Even so, with his back firmly against the wall, Mr. Tolson failed to comply with the requirements of the Sanctions Order.

The case at bar was opened solely for the purpose of monitoring compliance with the terms of a Sanctions Order entered by this Court and expressly agreed to by Mr. Tolson. Paragraph 15 of the Sanctions Order provides,

> Mr. Tolson is hereby placed on notice that failure to comply with this Order, applicable Rules of Professional Conduct, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Court's Local Rules, and other applicable standards relating to the practice of law before the United States Bankruptcy Court may result in additional sanctions.

Doc. No. 1. Due to Mr. Tolson's willful noncompliance with this Court's order, additional sanctions are appropriate. Accordingly, the Sanctions Order will be amended to prohibit Mr. Tolson from filing cases under *any* chapter of Title 11. The Court understands that Mr. Tolson likely has met with some new clients and is on the cusp of filing their petitions, and the Court does not wish to disadvantage those debtors.

MEMORANDUM OF DECISION - 6

Accordingly, this prohibition will begin at 5:00 p.m. Mountain Time on Friday, August 29, 2025 and will continue for a period of six months, until Friday, February 27, 2026.

The Court regrets that this action must be taken and understands this will greatly impact Mr. Tolson. Nevertheless, it has attempted to coerce Mr. Tolson's compliance with professional standards through the Sanctions Order, to no avail.

The Court will enter an amended Sanctions Order.

DATED: August 26, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7